IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GREGORY BARNETT GRIGGS | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1994-P |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Gregory Barnett Griggs, a Texas prisoner, has filed a motion for extension of time to file an application for writ of habeas corpus. It appears that the sole purpose of this pleading is to toll the one-year statute of limitations governing federal habeas proceedings brought under 28 U.S.C. § 2254.[1] For the reasons stated herein, the motion should be dismissed for want of jurisdiction.

Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Wawak v. Johnson*, No. 3-01-CV-0305-M, 2001 WL 194974 at *1 (N.D. Tex. Feb. 22, 2001), *rec. adopted*, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001), *quoting Princeton University v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 869, 70 L.Ed.2d 855 (1982). Rather, a party seeking to invoke federal subject matter jurisdiction must present a justiciable case or controversy. *Id., citing Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d)(1), provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

1211, 1215, 51 L.Ed.2d 376 (1977); *see also Mack v. Dretke*, No. 3-06-CV-0646-K, 2006 WL 1348719 at *1 (N.D. Tex. May 17, 2006). By his motion, petitioner asks the court to determine in advance whether an application for writ of habeas corpus, to be filed at some unspecified date in the future, will be time-barred and, if so, whether equitable tolling may be applicable to extend the limitations period. There is no adverse party before the court. Nor is there a concrete dispute for the court to decide. Without a "case or controversy," the court lacks subject matter jurisdiction to grant any relief. *See Mack*, 2006 WL 1348719 at *1 (dismissing motion for extension of time to file section 2254 habeas petition for want of jurisdiction); *Wawak*, 2001 WL 194974 at *1 (same).[2]

## RECOMMENDATION

Petitioner's motion for extension of time to file an application for writ of habeas corpus should be dismissed for want of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although *pro se* pleadings must be liberally construed, the court is unable to treat petitioner's motion as an application for writ of habeas corpus because he does not specify any grounds for relief. *See* Rules Governing Section 2254 Cases, Rule 2(c).